# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 1:16-CR-108-04** |
| | : | |
| **v.** | : | |
| | : | |
| **MICHAEL HERMAN** | : | **Judge Sylvia H. Rambo** |

## M E M O R A N D U M

Before the court is Defendant Michael Herman's Motion to Vacate pursuant to 28 U.S.C. § 2255 in which he argues that ineffective assistance of counsel led to a plea acceptance that was not given knowingly, voluntarily, and intelligently. Herman requests that the court resentence him by granting him the application of the safety valve provision of 18 U.S.C. § 3553(f). The government has responded to the motion and Herman has replied. As such, the motion is ripe for disposition.

### I. **Legal Standard**

A collateral attack based on ineffective assistance of counsel is governed by the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on this claim, a petitioner must demonstrate (1) that counsel's representation fell below an objective standard of reasonableness based on prevailing professional norms and (2) that the deficient representation was prejudicial. *See id.* at 687-88. Conclusory allegations are insufficient to entitle a petitioner to relief under § 2255.

*See Sepulveda v. United States*, 69 F. Supp. 2d 633, 639-40 (D.N.J. 1999) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

In determining whether counsel has satisfied the objective standard of reasonableness in accordance with the first prong, courts must be highly deferential toward counsel's conduct. *Strickland*, 466 U.S. at 689. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *See United States v. Gray*, 878 F.2d 702, 710 (3d Cir. 1989). Only a "rare claim" of ineffectiveness of counsel should succeed "under the properly deferential standard to be applied in scrutinizing counsel's performance." *Id.* at 711 (citing *Strickland*, 466 U.S. at 689-90.) Counsel will not be deemed ineffective for failing to raise a meritless claim. *See United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999.)

To satisfy the prejudice prong, the petitioner must show that, but for counsel's errors, the outcome of the proceeding would have been different. *United States v. Lilly*, 536 F.3d 190, 196 (3d Cir. 2008) (citing *Strickland*, 466 U.S. at 694.) The district court need not carry out its analysis of the two prongs in a particular order or even address both prongs of the inquiry if there is an insufficient showing in one. *Id.*

## II. Discussion

Herman alleges that his counsel erroneously believed that the safety valve found in 18 U.S.C. § 3553(f) would apply to him despite a firearm enhancement and

threats of violence. The record in this case reflects, however, that Herman knew what his potential sentence could be and the factors that were considered for his sentence. By signing the plea agreement and entering into his plea, Herman admitted that he possessed a fireman in connection with the offense. The plea agreement advised him that he was subject to a mandatory minimum sentence of ten years. During the plea colloquy, Herman was asked: "Do you agree with the facts as set forth in Paragraph 12? (Doc. 663, p. 7.) He replied, "Yes." (*Id.*) The Government further put on the record the following: "It was also determined through the investigation that the defendant used a firearm in connection with this drug distribution." (*Id.* at p. 12.) The court asked Herman, "Do you have any dispute with the facts as set forth by [the Government] concerning the facts pertaining to your particular charge?" and Herman replied, "None." (*Id.* at p. 13.) He was asked "Do you have any questions concerning the facts again you?" and he replied, "No, I do not." (*Id.*) The record shows that Herman was aware that he would receive a sentencing enhancement for the use of a weapon.

As to the enhancement for threats of violence, Trooper Kellep stated the following in his January 26, 2016 report: "Herman told me that his wife questioned if he trusted me. Herman advised that he told her that I knew what I was getting myself into when I saw the patch and [that] he felt I knew that if I talked I would have to dig my grave because 5 P[agan]'s would come and put me in it. (Gov. Ex.

1.) Section 3553(f)(2) states that a finding of credible threats of violence is a bar to the application of the safety valve.

## III. <u>Conclusion</u>

The proceedings at the change of plea hearing and the Presentence Report reflect that Herman was properly informed of the possible sentence he would receive. One cannot say there is a reasonable probability that Herman would not have pleaded guilty even assuming his counsel erroneously felt that the safety valve applied. *United States v. Bui*, 795 F.3d 363 (3d Cir. 2015). Herman has not shown that he suffered prejudice, and therefore the court finds that the § 2255 Petition is without merit. The record conclusively reveals that Herman is entitled to no relief; neither a hearing nor appointment of counsel are warranted. *United States v. Padilla*, 426 F. App'x 60, 63 (3d Cir. 2011).

Furthermore, an appeal may not be taken to the Third Circuit Court of Appeals from an order denying a motion to vacate under 28 U.S.C. § 2255 unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Lewis v. United States*, 2016 WL 7440466, *2 (D.N.J. Dec. 27, 2016). This court denies a certificate of appealability because jurists of reason would not find it

debatable that dismissal of this motion is correct. *Lewis*, 2016 WL 7440466 at *3; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

                                                   s/Sylvia H. Rambo
                                                   SYLVIA H. RAMBO
                                                   United States District Judge

Dated: May 30, 2019